## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LOPE ANTONIO LOPEZ-ORTEGA,

      Petitioner,

v.                                                              Case No:  8:15-cv-1845-T-30AEP
                                                                Crim. No: 8:08-cr-24-T-30AEP

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Lope Antonio Lopez-Ortega's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed on August 4, 2015.  (CV Doc. 1).  The Court having considered the motion, response, and reply, and being otherwise fully advised in the premises, concludes that Petitioner's motion should be dismissed as time-barred.  But even if Petitioner's motion were timely, it would fail for lack of merit.

## BACKGROUND

After pleading guilty to conspiracy to possess with the intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b) and 21 U.S.C. § 960(b)(1)(B)(ii), Petitioner was sentenced to 137 months' imprisonment on February 4, 2010.  (CR Doc. 116).  Over five years later, on August 7, 2015, Petitioner filed a motion to vacate, set aside, or correct

sentence pursuant to § 2255, raising two allegations of ineffective assistance of counsel: (1) whether counsel was ineffective for failing to file a direct appeal as requested by Petitioner, and (2) whether counsel was ineffective for failing to argue the holding of *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), at sentencing. (CV Doc. 1).

On August 12, 2015, the Court issued an order to show cause directing Petitioner to demonstrate why his § 2255 motion should not be dismissed as time-barred because it was filed more four years after the expiration of the one-year limitations period articulated under § 2255(f)(1). (CV Doc. 3). Despite that his motion is untimely on its face, Petitioner contends in his response that his motion is timely because he did not learn until "many years later" that counsel did not file a notice of appeal. (CV Doc. 4 at 1). Petitioner also asserts that his motion should be considered timely because the law library at his place of incarceration did not contain any federal materials regarding § 2255's statute of limitations. (*Id.* at 2-4).

On February 29, 2016, the Court dismissed Ground 1 of Petitioner's motion because Petitioner failed to return the "Declaration of Intent to Appeal" provided to Petitioner by the Court at sentencing. (CV Doc. 8). As the court noted in its previous order, "[t]he precise purpose of requiring Petitioner to complete the form and the explanation provided to Petitioner at sentencing is to create a record demonstrating a petitioner's intent to appeal so as to avoid the very argument Petitioner raises."[1] (CV Doc. 8 at 2-3). Thus, only Ground 2 of the motion remains to be resolved.

---

[1]This form is provided to defendants (and to Petitioner in this case) with a stamped envelope addressed to the clerk's office for the purpose of placing the responsibility on defendants to notify the Court that they wish to file an

## DISCUSSION

Under § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner moving to vacate, set aside, or correct his or her sentence must do so within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner asserts that his claim is timely under § 2255(f)(2) because the prison law library at his place of incarceration—D. Ray James Correctional Facility—did not contain materials regarding the statute of limitations under § 2255. (CV Doc. 4 at 2-4). To extend the statute of limitations under 2255(f)(2), Petitioner "must show that (1) there was governmental action, (2) in violation of the Constitution or laws of the United States, (3) which prevented him from filing his § 2255 motion, and (4) which action has been removed." *United States v. Cook*, No. 5:04CR23/MCR, 2014 WL 3700341, at *2 (N.D. Fla. July 25, 2014).

---

appeal. The obvious purpose of this procedure is to avoid the very type of he-said, she-said debate Petitioner raised in his motion over whether a defendant actually wanted to file an appeal.

As a preliminary matter, Petitioner's allegation that the law library at his place of incarceration contained no materials on § 2255 is directly refuted by Kenneth P. Gray, the compliance administrator at D. Ray James Correctional Facility, who avers that the law library provided inmates access to LexisNexis since 2010.  (CV Doc. 16, Ex. 1).  Petitioner was provided an opportunity to file a reply to Gray's affidavit and Petitioner did not respond.  Thus, it is unrefuted that the prison law library permitted access to materials on § 2255.

Moreover, Petitioner has not demonstrated that the inadequate law library was the cause of his untimely filing.  Petitioner did not explain when he discovered the alleged deficiency and what, if anything, he did to attempt to remedy the defect.  And Petitioner does not describe any independent efforts undertaken to discover the relevant statute of limitations.  Thus, Petitioner has not adequately demonstrated a connection between his untimely filing and an alleged inadequacy in the prison law library.  *See Arthur v. Allen*, 452 F.3d 1234 (11th Cir. 2006) ("To show diligence, a petitioner claiming deficiencies in the prison library must provide details of the specific actions taken toward filing the petition."); *see also Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314 (11th Cir. 2001).  Consequently, Petitioner's motion is untimely and should be dismissed.

But even if Petitioner's motion were timely filed, he would not be entitled to relief because his claim under Ground 2 is without merit.  Petitioner asserts that his counsel was ineffective for failing to argue the holding of *Flores-Figueroa*, 556 U.S. 646, at his sentencing as to the drug type and drug quantity.  (CV Doc. 2 at 3).  Specifically, Petitioner

asserts that counsel failed to object to the fact that the drug quantity Petitioner was ultimately convicted of possessing was not in the indictment or found by a jury. (*Id.*).

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington,* 466 U.S. 668 (1984). Under *Strickland's* two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright,* 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000). A "reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Here, Petitioner's counsel was not deficient in failing to challenge the drug quantity under *Flores-Figueroa*. First, *Flores-Figueroa*, is inapplicable to Petitioner's claim. In *Flores-Figueroa*, the Supreme Court interpreted the crime of aggravated identity theft, 18 U.S.C. § 1028A(a)(1)—a statute unrelated to the one at issue in the present case—which criminalizes "knowingly transfer[ing], possess[ing], or us[ing], without lawful authority, a means of identification of another person." The Court considered whether the "knowingly" *mens rea* element modified the sentence's direct object: "a means of identification of another person." 129 S. Ct. at 1894. At issue was whether a defendant could be convicted of aggravated identity theft regardless of whether he actually knew his fake documentation belonged to someone else. The Court held that the government must show that the

defendant knew the means of identification at issue belonged to another person. *Id.* Thus, as raised by Petitioner, the holding of *Flores-Figueroa* does not apply to him.

Plaintiff's claim appears to actually be an *Apprendi*-based claim. In *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the Supreme Court held that any fact that increases the mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2155. This decision extended the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), in which the Supreme Court held: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The *Alleyne* Court reasoned that "there is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum." 133 S. Ct. at 2163.

However, counsel is not ineffective for failing to raise an argument based on case law decided after Petitioner was sentenced. But even if counsel should have raised this argument, Petitioner was not prejudiced because drug quantity can be admitted by a defendant. *See Blakely v. Washington*, 542 U.S. 296, 303 (2004) (holding that facts may be admitted by the defendant "for *Apprendi* purposes"). Here, Petitioner admitted to the drug quantity as part of his plea agreement. (CR Doc. 75 at 13-15). Thus, any objection that the drug quantity was not properly established would have been without merit.

## **CONCLUSION**

Thus, not only is Ground 2 of Petitioner's motion untimely, but it is also without merit. Petitioner's motion should be dismissed.

6

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      Petitioner Lope Antonio Lopez-Ortega's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED as time-barred as to Ground 2.  The Court hereby incorporates its previous Order (CV Doc. 8) dismissing Ground 1.

2.      The Clerk is directed to terminate any pending motions as moot and close this case.

3.      The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 145 in the underlying criminal case, case number 8:08-cr-24-T-30AEP.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  *Id.*  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).  To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)

(internal quotation marks omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED in Tampa, Florida on August 31, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

8